# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICIA LEE,              ) | |
| )| |
| Plaintiff,          ) | |
| )| |
| v.                         ) | CAUSE NO. 07-CV-890-WDS |
| )| |
| SWAN CORPORATION,          ) | |
| )| |
| Defendant.         ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to dismiss (Doc. 5), to which plaintiff has not filed a response. Defendant seeks to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

Plaintiff Patricia Lee alleges that her employer Swan Corporation, defendant, discriminated against her based upon her gender and disability. Defendant hired plaintiff on October 26, 1992. By August of 2007, plaintiff was a fabrication manager earning $14.04 per hour. Plaintiff alleges that similarly situated males were placed in supervisory roles earning additional income and that she was never offered a supervisory position within the company.

In October of 2005, plaintiff delivered her first child. Plaintiff's primary treating physician ordered plaintiff to express breast milk as a way to treat plaintiff's diabetic condition, about which plaintiff notified defendant. Plaintiff expressed breast milk during breaks from work for two months following the delivery of her first child. Plaintiff had a second child in December of 2006, after which she continued to express milk on work breaks. As early as May,

1

2007, defendant began warning plaintiff that she would need to stop using breaks to express milk. By late June of 2007, defendant moved plaintiff from fabrication, to paint line, in an alleged attempt to move plaintiff to a job where she could not easily take breaks to express milk.

From June 28, 2007 to July 31, 2007, plaintiff took medical leave and vacation leave. When she returned to employment, defendants returned plaintiff to the fabrication line, but instructed her that she needed to clock out for breaks and could only use the bathroom to express milk. Plaintiff resigned from her job on August 21, 2007.

Plaintiff filed this complaint on December 26, 2007 and alleges that defendant denied her the accommodations she needed to manage her diabetic condition while at work, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 (ADA)[1] (Count I). Plaintiff also alleges that defendant discriminated against her based on her gender by promoting male employees to supervisory roles instead of her in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Count II). Plaintiff further alleges violations of Illinois state law governing employer accommodations for breast-feeding mothers (Count III).

## LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must assume that all facts in the complaint are true and construe all allegations in a light most favorable to the plaintiff. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hernandez v. City of Goshen, Ind.*, 324 F.3d 535, 537 (7th Cir. 2003). Dismissal is appropriate only if it appears beyond a doubt that no relief may be granted under any set of facts that could be proved consistent with the

---

[1] On September 25, 2008 the President signed the Americans with Disabilities Act Amendments of 2008, Pub. L. No. 110-325, 122 Stat. 3553. This act amended the ADA's definition of "disability," becoming effective January 1, 2009, and therefore do not apply to this case.

2

allegations in the complaint. *See Conley*, 355 U.S. at 45-46; *Veazy Commc'ns & Cable of Chi., Inc.*, 194 F.3d 850, 854 (7th Cir. 1999). Although a plaintiff need not set out in detail the facts upon which a claim is based, the plaintiff must allege sufficient facts to outline a cause of action. *See Stevens v. Umsted*, 131 F.3d 697, 700 (7th Cir. 1997).

## ANALYSIS

Defendant seeks to dismiss Count I because plaintiff has failed to allege a qualifying disability.[2] Courts apply a three-part test to determine whether an individual qualifies as disabled under the ADA. The Court must determine whether the allegations in the complaint could support a claim that plaintiff suffers from a physical impairment that substantially limits a major life activity. *Bradgon v. Abbott*, 524 U.S. 624 (1998); *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184 (2002).

**I. ADA Claim**

Plaintiff has alleged facts sufficient to establish that she suffers from diabetes, a physical impairment under the ADA. *Lawson v. CSX Transp., Inc.*, 245 F.3d 916 (7th Cir. 2001). But diabetic status, *per se*, does not qualify a plaintiff as "disabled" under the ADA. *Nawrot v. CPC Int'l*, 277 F.3d 896, 904 (7th Cir. 2002). Plaintiff must allege facts sufficient to demonstrate that her diabetic condition substantially limited a major life activity. *Scheerer v. Potter*, 443 F.3d 916, 919 (7th Cir. 2006). Plaintiff's complaint is devoid of any allegations regarding major life activities. To the extent that the Court can construe the complaint as alleging that plaintiff's condition limited her ability to work, plaintiff has not alleged facts sufficient to succeed on such

---

[2]A disability means a physical or mental impairment that substantially limits one or more of the major life activities of such individual. 42 U.S.C. § 12102(2)(A).

3

a claim.[3]  Accordingly, defendant's motion to dismiss on Count I is **GRANTED**.

## II. Gender Discrimination

Defendant seeks to dismiss Count II because plaintiff's gender discrimination claim is premature.  On December 5, 2007, plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights (IDHR) and Equal Employment Opportunity Commission (EEOC) alleging gender discrimination.  On December 27, 2007, plaintiff filed this lawsuit.  Defendant argues that the allegations in the complaint relate closely to the allegations contained in the IDHR and EEOC charges and, because the EEOC has not issued a right-to-sue letter on her charge and because plaintiff filed her complaint within 180 days of filing her EEOC charge, plaintiff has not sufficiently exhausted her administrative remedies and cannot sue.  42. U.S.C. § 2000e-5(c); *Doe v. Oberweis Dairy*, 456 F.3d 704 (7th Cir. 2006).  Because plaintiff failed to exhaust her administrative remedies prior to filing suit (i.e., receiving a right-to-sue letter from the EEOC), plaintiff does not now have standing to pursue this claim in this Court.  Therefore, defendant's motion to dismiss is **GRANTED** as to Count II.

## III.  Negligent Infliction of Emotional Distress

Defendant seeks to dismiss Count III because plaintiff has failed to state a claim for negligent infliction of emotional distress under Illinois law.  The Court notes that plaintiff's claims in Count III, if legally cognizable, arise under Illinois state statutory law.  Because the Court has dismissed plaintiff's federal causes of action, the Court declines to exercise

---

[3] "To be substantially limited in the major life activity of working, the regulations require that the individual be significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. 29 C.F.R. § 1630.2(j)(3)(i). A demonstrated inability to perform a single, particular job does not render an individual substantially limited in the major life activity of working." *Squibb v. Mem'l Med. Ctr.* 497 F.3d 775, 782 (7th Cir. 2007).

supplemental jurisdiction over plaintiff's state law claims.

## **CONCLUSION**

Upon review of the record, the Court **GRANTS** defendant's motion to dismiss (Doc. 5) and dismisses the complaint (Doc. 2), without prejudice, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED.**

**DATED: March 23, 2009.**

                                          **s/ WILLIAM D. STIEHL**
                                                 **District Judge**